IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL ALLEN,

    Petitioner,

v.

WARDEN, PICKAWAY CORRECTIONAL INSTITUTION,

    Former Respondent

and

ADULT PAROLE AUTHORITY,

    Substituted Respondent.

:
:
:
:

Case No. 3:22-cv-133

JUDGE WALTER H. RICE

---

DECISION AND ENTRY *SUA SPONTE* SUBSTITUTING THE ADULT PAROLE AUTHORITY AS RESPONDENT, DISMISSING RESPONDENT WARDEN OF THE PICKAWAY CORRECTIONAL INSTITUTION, AND ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. #11), DISMISSING THE CASE AS TIME BARRED; DENYING RIGHT TO APPEAL IN FORMA PAUPERIS AND CERTIFICATE OF APPEALABILITY; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

    This matter is before the Court on Magistrate Judge Caroline H. Gentry's Report and Recommendations. Doc. #11. This Court has reviewed said report and recommendations, the applicable law, and has conducted a thorough *de novo* review as well of the entire file, including the petition, the Return of Writ by Respondent, Petitioner's Reply to the Return of Writ, Respondent's Supplement to Answer/Return of Writ, and related filings. Doc. ##1, 2, 5, 7, 9, 10. For the reasons set forth below, the Court *sua sponte* substitutes the Adult Parole

Authority as the proper respondent, dismisses Respondent Warden of the Pickaway Correctional Institution, and ADOPTS the Report and Recommendation, Doc. #11, dismissing the case as time barred.

I.      **Procedural Background**

On May 19, 2022, Petitioner Paul Allen ("Petitioner" or "Allen") filed the instant Petition for Writ of Habeas Corpus, Doc. #1, under 28 U.S.C. § 2254. He then filed another habeas petition on May 24, 2022, Doc. #2, and on June 10, 2022, the Court ordered that Respondent Warden, Pickaway Correctional Institution ("Respondent" or "Warden"), file an answer to the petition. Doc. #3. Respondent filed its answer via a Return of Writ on August 9, 2022, Doc. #5, and following a Notation order from the Court granting Allen's Request for Extension to File Traverse, Doc. #6, Allen filed a Traverse to Respondent's Return of Writ, Doc. #7. Allen also requested permission to file an Addendum to Support Petitioner's Habeas and an answer to Respondent's answer, Doc. #8, which the Court granted via a notation order. Allen submitted another filing self-styled as a Habeas Petition, Doc. #9, and then on February 1, 2023, Respondent filed a Supplemental Memorandum Supporting State Court Record Doc. #10.

On October 19, 2023, Magistrate Judge Gentry issued a Report and Recommendation, Doc. #11, recommending that the petition be denied. The Court attempted to serve the Report and Recommendation on Allen at his prison post office box, but the mail was returned on November 28, 2023, with the message "RTS Released" written on the envelope. Doc. #12. The Clerk of Courts secured

2

Allen's mailing address from his state parole officer and mailed the Report and Recommendation on January 23, 2024, using the United States Postal Service.[1] In spite of the fact that such mailing was ever returned, indicating that same was delivered, no objections were ever filed to the Report and Recommendation.

II.   Analysis

The Report and Recommendation, Doc. #11, urges that the matter be dismissed as untimely under 28 U.S.C. § 2254(d), because the one-year statute of limitations for seeking habeas relief began when Allen's conviction became final on August 5, 1996, and ended—including a tolling period until the Ohio Supreme Court denied certiorari—on September 24, 1997. *Id.* at PageID ##832–34. The Court finds no error in the Magistrate Judge's analysis and findings. As recognized in the Report and Recommendations, Allen "waited more than 25 years—from August 5, 1996 to May 19, 2022—to file his [federal] habeas petition," which demonstrated both a lack of diligence in pursing federal avenues of habeas relief and a lack of any extraordinary circumstance justifying equitable tolling of the statute of limitations. *Id.* at PageID #835.

However, 28 U.S.C. § 2254 only provides an avenue for federal courts to hear petitions for writs of habeas corpus from "a person *in custody* pursuant to the judgment of a State court." (emphasis added); *see also Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018) (alteration in original) (quoting 28 U.S.C. §

---

[1] The Court takes judicial notice of the Clerk's internal records regarding service of the Report & Recommendation.

3

2254(a)) ("Federal courts may 'entertain an application for a writ of habeas corpus [o]n behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.'"). Further, a habeas petition must follow the "immediate custodian rule" and properly name respondents who are "the petitioner's 'immediate' or 'direct' custodian as the 'person having custody' over him." *Roman v. Ashcroft*, 340 F.3d 314, 319-20 (6th Cir. 2003).

Records from the Ohio Department of Rehabilitation and Correction ("ODRC") indicate that Allen's carceral status is "APA Supervision" as of September 13, 2023. *Paul Eugene Allen*, Ohio Dept. of Rehab. & Correction, https://appgateway.drc.ohio.gov/OffenderSearch/Search/DetailsPrint/A308052 (last visited Feb. 22, 2024) [https://perma.cc/N3VP-DDAK]. The ODRC's government website also indicates that APA stands for the Adult Parole Authority ("APA"), which is "the section within the Division of Parole and Community Services responsible for the release and supervision of adult felony offenders returning to local communities from prison." *Adult Parole Authority*, Ohio Dept. of Rehab. & Correction, https://drc.ohio.gov/systems-and-services/1-parole/parole (last visited Feb. 22, 2024) [https://perma.cc/6YGA-GL3Z]. Based on the Court's inability to originally serve documents on Allen at his prison mailbox, *see* Doc. #12, and the information publicly available regarding Petitioner's change in carceral status, it is apparent to this Court that Petitioner is no longer "in custody" of the Warden for the purposes of 28 U.S.C. § 2254 habeas relief. Additionally, while

4

habeas relief can be granted for restraints on one's liberty "besides physical imprisonment, . . . [including] restraints not shared by the public generally" like parole, *Jones v. Cunningham*, 371 U.S. 236, 240 (1963), no other respondent was listed on the petition who can be currently considered as having Allen "in custody" for the purposes of habeas relief.  Therefore, because Allen's petition sought habeas relief from confinement at Pickaway Correctional Institution, he is no longer in the custody of the Pickaway Correctional Institution, and, as there are no other state agencies or officers listed as respondents on the petition, there are no "restraints on [Allen's] liberty" that this Court can redress by a writ of habeas corpus. Therefore, Petitioner has no cognizable claim for relief. *See Jones*, 371 U.S. at 244 (1963) (citing *Ex parte Endo*, 323 U.S. 283, 304–07) (stating a District Court retains custody over a habeas petitioner so long as "an appropriate respondent with custody remains").

However, in the interests of justice, the Court *sua sponte* substitutes the APA as the proper respondent for the instant petition as Allen is currently "in custody" with the APA. *See generally Roman*, 340 F.3d at 319-20. The Court's exercise of discretion in substituting the APA as the proper respondent is without prejudice to Allen because, should the Court order briefing on this substitution issue, any objection Allen might raise to any resulting substitution would not change the outcome of the petition; it would still be time barred. As discussed in the Report and Recommendation, Doc. #11, and recognized by the Court *supra*,

5

Allen's petition is time barred, and no change in respondent alters the fundamental legal insufficiency of Allen's petition.

### III.     Conclusion

Based on the foregoing, the Court *sua sponte* substitutes the Adult Parole Authority as the proper respondent, dismisses Respondent Warden of the Pickaway Correctional Institution, and ADOPTS the Report and Recommendation, Doc. #11, dismissing the case as time barred.

Given that Defendant has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, Defendant is denied a certificate of appealability. *See* U.S.C. § 1915(a)(3). Given that any appeal from this Court's decision would be objectively frivolous, Defendant is denied leave to appeal *in forma pauperis*.

Judgement shall be entered in favor of the Respondent and against the Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 26, 2024

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE